Judge Mills
delivered the Opinion of the Court.
William Bard was thé owner of a store, in which ^!e aPPeNee Stewart acted as his factor. Bard himself residing at a small distance therefrom, corresponded frequently with the store, and made consignments of merchandize from timé to time. lie donveyed to the appellants the store, and debts and accounts idue thereon, to indemnify them, against sundry obligations and endorsements, which they had made for him as his sureties, and afterwards failed. On his failure they invoiced the goods and took possession thereof, and discharged the appellee from further employment therein. But he, being possessed of a number of notes and accounts due to the store, retained ihem in 1:is hands as security for a debt due to him from the store for his services, and money advanced by him in conducting the business.
The appellants filed this bill for a disclosure of thC'Sums and amount which he retained, and prayed that they all might be delivered over to them.
The appellee set up bis demand, and claimed a lien upon t¡)e debts a ml articles which he had retained until his demand was satisfied,
The court below’ decided bis lien good, and allowed his demand out of bis debts due to the store when collected, and this forms the only question for our „
,We concur with the court below that he nao such lien, and that he bad a right to retain what was in ’aal|ds till his demand wos satisfied
The general principle that a factor has alien up *73 bn the goods or estate in Ills possession is recognizcd in nearly every book which treats of the and the cases which have come under our observatinti in which the lien was (lisa!lowed, are bused on the fact that tiie factor had parted with the possession of the articles which he held, thereby evidcncing that lie had no lien by contract, or if he had, that he did not rely on it, but had abandoned it, and trusted to his remedy at law.
ing for their Bfdes’ untlor jaen™afo¥his advances and services in the husmos®.
,. f . tor is in both law and equigandís lost tract or parting with possession.
F ^ of principal always takes í]¡pn,
JIardin for apjipellant.
This is one of the cases where both courts of law ana equity have indulged a party m redressing his wrongs. Here the circumsiauc.es of the parties shew that the factor trusted in some measure the iund in which he dealt. He had tiie possession and advanced his money and services, and blended the tor m or with the funds of the store, and his principal sometimes visited the place inspected the books, and gave directions, either verbally or by letter, for the government of the conduct of the factor, and however notorious the claims of the appellants may be, yet as they claim under the priucipal, his conveyance to them cannot destroy or impair any lieu which the appellee had previously acquired.
The decree of the court below is therefore correct, and must be afiirmed with costs.